**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EFREN BLANCO,**

    **Plaintiff,**

**-vs-**              **Case No. 6:12-cv-770-Orl-28KRS**

**AVALON LAKES HOMEOWNERS**
**ASSOCIATION, INC., KATZMAN**
**GARFINKEL, P.A., and SAXON**
**MORTGAGE SERVICES, INC.,**

    **Defendants.**
_____

# ORDER

Plaintiff, Efren Blanco, *pro se*, has filed a three-count Complaint against Avalon Lakes Homeowners Association, Inc. ("Avalon"), Katzman Garfinkel, P.A. ("Katzman"), and Saxon Mortgage Services, Inc. ("Saxon"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and Florida's Consumer Collection Practices Act. Each of the Defendants has filed a motion to dismiss the claims against it, (Docs. 10, 11, & 14), and Plaintiff has responded to each motion, (Docs. 22, 23, & 24). Upon consideration, Defendants' motions are granted but Plaintiff will be permitted to file an amended complaint.

## I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "*[P]ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"[A]nalysis of a 12(b)(6) motion is limited . . . to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). "Under Rule 10(c) [of the] Federal Rules of Civil Procedure, . . . attachments [to a complaint] are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

## II. Background[1]

Plaintiff was formerly the owner of real property located at 14047 Morning Frost Drive in Orlando, Florida. In connection with purchasing that property, in 2005 Plaintiff and a co-borrower executed a promissory note secured by a mortgage on the property. (See Ex. B to Compl. at 1). Saxon is the assignee of the mortgage. (See id.).

On July 7, 2009, Defendant Saxon or its predecessor filed a foreclosure action against Plaintiff in state court. (Compl. ¶ 18; Ex. B to Compl. at 1). On December 31, 2009, Defendant Katzman—a law firm—sent, on behalf of Defendant Avalon, a letter regarding unpaid homeowners' association assessments. (Compl. ¶ 19; Ex. A to Compl.). In that letter, Plaintiff was informed that an action to foreclose a claim of lien would be commenced unless the outstanding assessments were paid within forty-five days. (Ex. A to Compl.). On July 12, 2010, Defendant Katzman filed a foreclosure action against Plaintiff in state court. (Compl. ¶ 20).

In early 2011,[2] Plaintiff and Defendant Saxon entered into a "Settlement Agreement and General Release of Claims" (Ex. B to Compl.) in which Plaintiff and his co-borrower "consent[ed] to the entry of Final Judgment of Foreclosure in favor of [Saxon's predecessor] in the amount claimed to be due by Saxon." (Ex. B to Compl. at 2). Plaintiff agreed not to oppose the motion for summary judgment filed by Saxon's predecessor. (Id. at 2). Plaintiff

---

[1]The facts recounted in the Background section are derived from the Complaint (Doc. 1) and the attachments thereto.

[2]Defendant Saxon signed the agreement on January 28, 2011; Plaintiff signed it on February 8, 2011. (See Ex. B to Compl. at 5).

refers to this Agreement as a "Deed in Lieu of Foreclosure Agreement." (See Compl. at 3).

Plaintiff alleges that as part of that agreement, Defendants Avalon and Katzman "agreed to accept $9,315.47 from Defendant Saxon . . . as full and final payment in order to release the lien placed on the . . . property and allow the Deed in Lieu to move forward." (Id. ¶ 23).[3] Plaintiff further alleges that Saxon issued a check in that amount to Defendants Avalon and Katzman on June 1, 2011 as full and final payment of all fees, including homeowners' association fees, attorneys' fees, and costs. (Id. ¶ 24 & Ex. C thereto).

In September 2011, Defendant Katzman filed an affidavit of attorney's fees, and on October 26, 2011, Defendant Katzman filed a motion for final judgment—presumably in the state court suit filed by Katzman on Avalon's behalf—"after Defendants Avalon, Saxon and [Katzman] had entered into a settlement agreement and accepted payment from Plaintiff to settle all disputes related to the account." (Compl. ¶¶ 25-26). Summary judgment was entered by the state court against Plaintiff on November 30, 2011, in the amount of $3,269.15 "although the lien was paid in full, the property was surrendered 11 months prior, and [Plaintiff] no longer was the owner of the property." (Id. ¶ 27).

In Count I of the Complaint, Plaintiff alleges that Defendants Katzman and Avalon violated the FDCPA by engaging in harassing, oppressive, or abusive conduct; by making false, deceptive, and misleading representations in connection with collecting a debt; by misrepresenting the amount of the alleged debt; by communicating false credit information; and by engaging in unfair or unconscionable means to collect a debt. (Id. at 5). In Count

---

[3]However, the only named parties to the agreement are Saxon and Plaintiff. (See Ex. B to Compl.)

II, Plaintiff alleges that Defendant Saxon violated the FCRA by, inter alia, "failing to properly record a satisfied mortgage." (Id. at 5-6). In Count III, Plaintiff alleges that all three Defendants violated Florida's Consumer Collection Practices Act," relying on the alleged violations of the FDCPA. (Id. at 6-7).

### III. Discussion

All three of the Defendants have moved to dismiss the claims against them. Even construing Plaintiff's *pro se* complaint liberally, the Court agrees that the claims are not sufficiently pleaded. However, Plaintiff will be afforded an opportunity to amend.

There are numerous problems with Plaintiff's Complaint that necessitate repleading. First and foremost, although not raised by any of the Defendants, it appears that to at least some extent Plaintiff is attempting to challenge findings made—and judgments entered—by the state court as to whether and in what amount Plaintiff owed money to one or more of the Defendants. (See Compl. ¶ 27 (alleging that "Summary Judgment was entered against the Plaintiff . . . in the amount of $3,269.15 . . . although the lien was paid in full"); id. ¶ 28 (alleging that "[t]he Final Judgment alleges payments made totaling $4,406.23 when in fact the Defendants . . . received $9,315.47")).

This federal district court does not sit in review of state court judgments. Indeed, "[t]he Rooker-Feldman[4] doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir.

---

[4]Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2009). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." Id. "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment or it 'succeeds only to the extent that the state court wrongly decided the issues.'" Id. (internal citation omitted) (quoting Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1994), and Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001)). And, even if Plaintiff did not raise the intertwined claims in the state court proceedings, consideration of them is nevertheless barred if Plaintiff had a reasonable opportunity to raise them there.[5] Id.

The claims Plaintiff is attempting to plead appear, at least in part, to be inextricably intertwined with the state court proceedings that led to the sale of his home. Plaintiff's challenges to Defendant's alleged debt collection practices are grounded in Plaintiff's dispute as to the amount of the debt and his alleged satisfaction of that debt—issues that seemingly have already been decided by the state court.

To the extent Plaintiff alleges claims apart from what was or could have been raised in the state court proceedings, those claims also are insufficiently pleaded. As noted by Defendants, Plaintiff does not supply sufficient factual matter to support his legally conclusory claims, and some of his allegations are contradicted by attachments to the Complaint or by other allegations.[6] Additionally, in each count, Plaintiff seemingly states

---

[5]Although this Court makes no finding on this point at this time, one of the Defendants notes in its motion that Plaintiff was represented by an attorney in the state court proceedings and did not allege violation of the FDCPA. (See Doc. 10 at 2).

[6]For example, Plaintiff's characterization of the Settlement Agreement as a "Deed in Lieu of Foreclosure Agreement" is belied by the agreement's terms. Additionally, the only

against whom the count is brought—Count I is against Katzman and Avalon; Count II is against Saxon; and Count III is against all three Defendants. (See Compl. at 5-7). However, later in the Complaint, in stating the relief sought against each Defendant, Plaintiff requests relief from each Defendant on each count. (See id. at 7-10). Thus, it is impossible for the Defendants to assess which counts are truly being brought against them.

In sum, the Court is in doubt as to whether it can exercise subject matter jurisdiction over this case because of the Rooker-Feldman doctrine, and the claims are otherwise insufficiently stated and do not survive the motions to dismiss. Repleading is thus required.

### IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Motion to Dismiss (Doc. 10) filed by Defendant Katzman Garfinkel, P.A., is **GRANTED**.

2.  The Motion to Dismiss (Doc. 11) filed by Defendant Saxon Mortgage Services, Inc., is **GRANTED**.

3.  The Motion to Dismiss (Doc. 14) filed by Defendant Avalon Lakes Homeowners Association, Inc., is **GRANTED**.

4.  The Complaint (Doc. 1) is **DISMISSED without prejudice**.

5.  Plaintiff is granted leave to file an amended complaint if he is able to overcome the

---

parties named in the Settlement Agreement are Saxon and Plaintiff, but Plaintiff refers to Avalon and Katzman allegedly agreeing to accept money "[a]s part of that agreement." (See Ex. B to Compl; Compl. ¶¶ 22-23). Additionally, Plaintiff alleges that Saxon failed to record a satisfied mortgage, but Plaintiff does not allege facts supporting satisfaction of that mortgage.

deficiencies noted in this Order and to otherwise state a cause of action that does not ask this Court to interfere with or review the findings of the state court. Such an amended complaint must be filed by **Friday, December 21, 2012. Failure to file an amended complaint by this deadline will result in dismissal of this case with prejudice**.

**DONE** and **ORDERED** in Orlando, Florida this 21st day of November, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party